IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE A. HAMILTON, #21018868, | § | |
| AKA LEE HAMILTON, TDCJ #1132938,[1] | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-3117-G-BK |
| | § | |
| PAULA CARSON, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Lee A. Hamilton, a Dallas County Jail inmate, filed this *pro se* civil rights complaint against Texas Department of Criminal Justice ("TDCJ") employees at the Estelle Unit, where he was formerly confined. Doc. 3 at 3. Hamilton neither paid the filing fee nor sought leave to proceed *in forma pauperis*. Nevertheless, upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by three strikes.

I. ANALYSIS

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that

_____

[1] Hamilton lists his alias and prior Texas Department of Criminal Justice (TDCJ) number in the complaint. Doc. 3 at 4.

were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, — U.S. —, 140 S. Ct. 1721, 1727 (2020). Moreover, "a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim." *Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017)).

   Section 1915(g) "comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" *Brown*, 857 F.3d at 291 (quoting *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015)).

   Hamilton has accrued three strikes under § 1915(g). Before this lawsuit was filed, district courts in Texas dismissed as frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e) at least four non-habeas, civil actions that Hamilton filed while confined as a TDCJ inmate. *See Hamilton v. Collins*, 4:19cv1056 (S.D. Tex. June 7, 2019) (dismissed as frivolous and for failure to state a claim); *Hamilton, Jr. v. McCune*, 4:19cv1901 (S.D. Tex. July 3, 2019) (dismissed as frivolous); *Hamilton v. McCune*, 4:19cv2259 (S.D. Tex. Aug. 8, 2019) (dismissed as malicious); *Hamilton v. McCune*, 4:19cv642 (S.D. Tex. June 29, 2020) (dismissed for failure to state a claim).

   Having accumulated three "strikes," § 1915(g) precludes Hamilton from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). As in two of his prior cases, Hamilton's allegations are fantastic and delusional. He contends, defendants "place[d] a 'device' like object on me" and that it "is being used to play with my mind . . . ." Doc. 3 at 4. Specifically, Hamilton asserts that the object,

which allegedly is on his back, was used to "torture" him and inflict bodily injury during the past four years and that it is still being used daily to inflict "cruel abuse."  Doc. 3 at 4.

To the extent Hamilton asserts his life is in imminent danger, his allegations are not credible.  Apart from his delusional assertions, he fails to identify the type or source of danger he posits.  *See Roberson v. Morgan*, 858 Fed. Appx. 158, 159 (5th Cir. 2021) (per curiam), *pet. for certiorari filed*, No. 21-6430 (Nov. 29, 2021) ("[S]peculative and conclusory allegations are insufficient to make the showing required to avoid application of the three strikes bar under § 1915(g)."); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (holding that allegations of imminent danger must be "specific" and "credible") (citations omitted); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("[A] complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.'" (citations omitted)).  More is required to overcome a three-strike bar.

 Thus, Hamilton is barred from proceeding *in forma pauperis* under § 1915(g).

**II. CONCLUSION**

Accordingly, insofar as Hamilton seeks leave to proceed *in forma pauperis*, this action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to Hamilton refiling an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to him refiling this lawsuit with full payment of filing and administrative fees of $402.00.

**SO RECOMMENDED** on January 21, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).